**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

GINA M. TILL,

Plaintiff,

v. Case No.: ______________

STUDENT TRANSPORTATION OF AMERICA, INC.,

Defendant.
_________________________/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Gina M. Till (hereinafter either "Till" or "plaintiff"), by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, Student Transportation of America, Inc. (hereinafter either "STA" or "defendant"), and alleges:

### *I. Jurisdiction and Venue*

1. This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Americans with Disabilities Act (ADA), which is codified at 42 U.S.C. §12101, et seq.

2. Plaintiff has met all of the statutory prerequisites to filing suit under the Americans with Disabilities Act: she timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and

the Florida Commission on Human Relations (FCHR); the EEOC issued her a notice of right to sue on her Charge of Discrimination on February 26, 2025; and plaintiff subsequently received that notice.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) since the defendant employer has an office and does business in this district (namely Santa Rosa County, Florida); plaintiff was employed to work for defendant and was paid by defendant in this district; and all causes of action accrued in this district.

## ***II. Parties***

4. Till is a former employee of defendant.

5. Defendant is a foreign, profit corporation which has its principal place of business in Wall, New Jersey and which is engaged in commerce and activities affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Defendant is an employer as that term is defined in the Americans with Disabilities Act, and it is subject to the requirements of that Act.

## ***III. Factual Allegations***

6. Having previously worked for a predecessor, Till began working for

defendant in or around May 2018.

7. At all times pertinent hereto, Till held the position of Operations Manager for STA at its facility in Navarre, Florida.

8. As STA's Operations Manager, Till oversaw the overall day-to-day operations of STA in Navarre, Florida.

9. STA provided Till an office from which she primarily performed her duties. This office was not on the ground floor of STA's facility in Navarre. Additionally, it was not handicapped accessible.

10. In late 2023, Till was involved in a horrific automobile accident in which she sustained significant injuries which resulted in one or more physical or mental impairments which substantially limited one or more of her major life activities. Moreover, Till disclosed to defendant her injuries, impairments, and limitations.

11. Additionally, defendant perceived/regarded Till to suffer from a physical or mental condition which substantially impaired one or more of her major life activities.

12. After her accident, plaintiff worked remotely for several months, unable to physically return to her office.

13. Hoping she would soon be able to physically return, in late 2023 Till

explained to defendant that one of the accommodations she would need was a handicapped ramp that would afford her access to her office/workplace.

14. STA advised Till that it would begin construction of a ramp to accommodate her after the Holidays; however, STA did not install one.

15. After working remotely for a period of time, on or about February 1, 2024 Till began FMLA leave.

16. On or about May 1, 2024 Till was authorized by her medical provider to return to work with various restrictions.

17. Till arrived at her workplace later that day to advise STA of her ability to return. In response, STA effectively banned her from its Navarre premises, saying she was a "liability" because she could get hurt using the stairs, as no handicapped ramp had been installed. Till was further advised that she needed to call and obtain permission prior to returning to the premises because of "liability."

18. Till later met with an STA human resources official and discussed the reasonable accommodations she would need in her continued employment. In response, this official stated that she envisioned no difficulties in accommodating Till, as her job was administrative in nature.

19. While management was still considering Till's reasonable requests

for accommodation, STA continued to deny her access to its facility for an employee-wide end-of-the-school-year party, claiming her presence on even the first floor of its facility involved too much of a liability risk.

20. Ultimately, instead of reasonably accommodating Till and allowing her to return to work, STA terminated her employment on or about May 21, 2024.

### *VI. Disability Discrimination*
(Federal Statute)

21. Plaintiff realleges and incorporates herein paragraphs 1-20, above.

22. The foregoing facts and circumstances demonstrate that defendant has violated the Americans with Disabilities Act, as it failed to reasonably accommodate plaintiff's disability and it also discriminated against plaintiff because of that disability.

23. Defendant and its agents knew or should have known that the above-referenced actions were discriminatory and that such actions violated the Americans with Disabilities Act. Nevertheless, defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

24. Plaintiff has completed all of the necessary administrative requirements to bring this action in court.

25. As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation,

and embarrassment. Furthermore, she has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy her life. Plaintiff's damages have been experienced in the past, and they will continue into the future.

28. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorneys' fees, and such other relief as this Court deems appropriate.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number: 932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida 32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net