UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GINA M. TILL,
Plaintiff,

v. Case No. 3:25-cv-309-TKW-ZCB

STUDENT TRANSPORTATION
OF AMERICA, INC.,
Defendants.
_________________________________/

**ORDER SETTING SETTLEMENT CONFERENCE**

An in-person settlement conference is scheduled in this matter for **Tuesday, October 13, 2026, at 8:30 a.m. (CDT)** in either Courtroom 3 South (3rd Floor) or Courtroom 4 South (4th Floor), One North Palafox Street, Pensacola, Florida 32502. The conference will conclude no later than close of business on October 13, 2026.

**Required Participants**

During the conference, each party must be represented—in person—by the following required participants: (1) counsel who is/are familiar with the case, if party is represented by an attorney; (2) the decisionmaker for the party, who must have full authority to act on behalf of the party, including the authority to negotiate a resolution of the matter and to respond to the developments during the settlement process; and (3) if a party is insured, a representative of the insurance company with full authority to authorize a settlement must be present.

## **"Full Authority Defined"**[1]

"Full authority" means that those participating on behalf of a party should be the **decisionmaker** for the party. The decisionmaker is a person who can himself or herself (without asking others who are not present) make independent decisions that bind the party, adjust to information as it is presented in the dynamic environment of a settlement conference, and consider/propose creative solutions and resolutions. To reiterate, this means the person who is present should be the decisionmaker, not a subordinate of the decisionmaker or a colleague of the decisionmaker. **The person who is present must have the ability to make decisions regarding settlement without having to make phone calls or request additional approval from other people who are not present**. A person does not have "full authority" if that person is simply authorized (by somebody else who is not present at the conference) to make an offer up to a certain amount or accept an offer of a certain amount. These requirements are intended to increase the efficiency and effectiveness of the

[1] The court goes to such lengths to emphasize these things based on prior experiences of parties failing to ensure the in-person attendance of someone with full settlement authority. When parties do that, they waste the court's time and the time of opposing counsel. **Thus, failure to have the decisionmaker for a party present in person as required by this order may result in an award of costs and attorney's fees incurred by the other parties in connection with the conference or the imposition of other appropriate sanctions**. *See Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 F. App'x 886, 887-89 (11th Cir. 2010) (affirming sanctions against a party for failing to ensure person with full settlement authority attended settlement conference as required by the court's order).

settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

**Mandatory Negotiation Prior to the Settlement Conference**

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, before arriving at the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court. Any settlement will be immediately communicated to the court by filing a joint notice of settlement.

**Confidential Settlement Statements**

**On or before October 6, 2026**, each party must provide a settlement statement marked "confidential" to the office of the Magistrate Judge via hand-delivery, mail, or e-mail (Carey_King@flnd.uscourts.gov). The statement will not be filed with the clerk or served on or disclosed to opposing counsel, as it will not become a part of the file of this case and will be for the exclusive use of the Magistrate Judge in preparing for and conducting the conference. The statement must contain: (1) a brief description of the remaining claims and applicable law and defenses; (2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages; (3) a brief description of the relief that may be afforded to the prevailing party at trial (e.g., the

nature and extent of damages, entitlement to attorney fees); (4) an estimate of attorney fees and costs of litigation to date and through trial; (5) an outline of settlement negotiations to date, including the most recent proposals and counter proposals; and (6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms. The statement should not be lengthy, but it should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case. **To facilitate the possibility of settlement at the conference, the parties should attach to the statement any evidence relevant to the parties' assessment of damages in this case, including but not limited to all relevant medical records.**

**Draft Joint Settlement Agreement**

**No later than three (3) days before the conference**, counsel shall also submit via email, and in Microsoft Word format, a joint settlement agreement which contains all terms agreed to by the parties, such as mutual releases, dismissal with prejudice, and confidentiality; and leaving blank any disputed terms, such as the settlement amount.

**Structure of the Settlement Conference**

The settlement conference may begin with each party making a brief statement of their case to the court, in the presence of the opposing party. Please remember that the purpose of this presentation is to persuade the other side, rather

than to persuade the court, and this exercise should certainly not be used to impress your client. You will have ten minutes per side to present the summation. The parties may agree to waive the statement, and the undersigned may, after consultation with the parties, dispense with it.

Because the undersigned has a number of years' experience as a trial lawyer and judge, the court may offer an opinion on the respective strengths of the parties' positions and may even recommend a settlement. None of the court's opinions, nor any recommendations, will be made known to the trial judge, and of course a recommendation is intended as only that. In all likelihood, the parties will be separated for individual, private discussion with the court.

Although the purpose of the settlement conference is to facilitate settlement of this case, it will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Magistrate Judge in confidence before or during the conference will be kept confidential and will not be disclosed to any other party or to the judge presiding over the case. To make the best use of the time allotted, counsel should consider, and where appropriate discuss with his or her client, the following matters that may arise during the separate caucuses: (1) the Magistrate Judge may address the client personally; (2) the Magistrate Judge may ask the parties to assess the weaknesses/strengths of the claims and defenses; (3) the Magistrate Judge may

inquire as to whether issues other than simple payment of money or entry of a court order are at play in the particular case; and (4) the Magistrate Judge may ask counsel to discuss whether attorneys' fees or other expenses are affecting settlement and, if so, whether this has been communicated to the opposing party. In appropriate cases, the Magistrate Judge may also bring up questions, both factual and legal, that would appear likely to arise at trial.

The conference will end when settlement is reached or when the Magistrate Judge concludes that further negotiation is unlikely to result in settlement. If settlement is reached, the court will, upon request, activate a recording device, or obtain a court reporter so that the parties may place the terms of their settlement on the record and recommend dismissal of this action.

DONE AND ORDERED this 21st day of September, 2026.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**